UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11079-GAO

MARYANN MUNOZ,
Plaintiff,

v.

40-44 FOREST STREET, LLC; SHERRI PERROTTA; THOMAS PERROTTA; APM, LLC
d/b/a ANDALUSIAN PROPERTY MANAGEMENT; DAVID WEBSTER, APM, LLC; JODIE
NATALONI, APM, LLC; HEIDI CONLON, CODE ENFORCEMENT OFFICER, METHUEN
BOARD OF HEATLH; and CITY OF METHUEN, MA,
Defendants.

ORDER
February 3, 2023

O'TOOLE, D.J.

The plaintiff Maryann Munoz commenced this action in the Massachusetts Superior Court in June 2020. The original complaint, which named as defendants two limited liability companies and four individual persons, asserted ten counts under Massachusetts law and one count under federal law. Two months after filing suit and before any defendant had answered, the plaintiff amended her complaint, adding another count under Massachusetts law. The defendants answered the amended complaint in October 2020. The parties thereafter agreed to stay the case pending the outcome of some administrative proceedings. In April 2022, the defendants assented to the lifting of the stay and the filing of a second amended complaint, which named two additional parties, the City of Methuen and an official of the city. The second amended complaint asserted twelve claims arising under state law as well as the same federal claim pled in the two prior complaints. The original defendants answered the second amended complaint. The newly-added municipal defendants, however, removed the case to this Court based on the single federal claim.

On July 25, 2022, the plaintiff filed what she styled "Plaintiff's First Amended Complaint and Demand for Jury Trial" (dkt. no. 7). That was wrong for two reasons: it was the *third* version of the complaint, and it was filed without permission. See Fed. R. Civ. P. 15(a)(2). This third complaint omitted the federal claim. Six days later, the plaintiff filed a "Motion to Dismiss and Remand" (dkt. no. 8), asserting that the Court could no longer exercise subject matter jurisdiction without a federal claim in the case.

That, of course, is not correct, for two distinct reasons. First, a plaintiff may not unilaterally eliminate an asserted claim unless amending as a matter of course within twenty-one days of receiving the defendant's responsive pleading. In re Pharm. Indus. Average Wholesale Price Litig., 538 F. Supp. 2d 392, 398 (D. Mass. 2008) ("[T]he weight of authority is that Rule 15(a), as opposed to Rule 41(a)(2), applies to an amendment which drops some but not all of the claims in an action.") (quotation omitted). Here, however, the original six defendants had filed their answers on June 9 and 10, a full forty-five days before the plaintiff filed her third complaint in this Court on July 25. The plaintiff could therefore only amend with approval of the court or the agreement of the defendants. Fed. R. Civ. P. 15(a)(2). Second, even after the purported federal claim on which federal jurisdiction is claimed is dismissed so that the only remaining claims arise under state law, the court has the discretion either (1) to dismiss or remand the case because of the absence of a federal claim or (2) retain jurisdiction and proceed to adjudicate the remaining non-federal claims. Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256–57 (1st Cir. 1996).

Even so, a district court may reasonably construe an amended pleading filed without leave "as an implicit request for leave to amend." United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 194 (1st Cir. 2015); Butler v. Balolia, No. 12-11054-MLW, 2014 WL 4656582, at *1, 3 (D. Mass. Sept. 10, 2014) (explaining that the plaintiff's failure to obtain "leave from the court or

the consent of the defendant" did "not require that the First Amended Complaint be stricken"). In evaluating requests for leave to amend, courts "routinely focus . . . on prejudice to the non-moving party." Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015).

The Court admonishes the plaintiff's counsel for failing to request leave in the first place, but it will nevertheless grant the plaintiff's "implicit request" and permit her amended complaint, *sans* any federal claim, to stand. The defendants note that the plaintiff already amended her complaint twice in state court and argue that "the only reason she is seeking to do so now is so that she will have grounds to seek remand." (Def.'s Opp. to Pl.'s Mot. to Dismiss and Remand, at 5 (dkt. no. 11).) They somewhat overstate the matter. The First Amended Complaint was filed before any defendant had appeared. The Second Amended Complaint was filed with the defendants' consent.

Elimination of the plaintiff's sole federal claim "sets the stage for an exercise of the court's informed discretion" regarding whether to retain jurisdiction over the remaining state law claims. Roche, 81 F.3d at 256–57. In exercising its discretion, the Court must consider "comity, judicial economy, convenience, fairness, and the like." Id. at 257. The relevant factors "in the usual case . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

The state court is fully able to adjudicate the state law issues fairly. Accordingly, this Court authorizes the plaintiff's irregular filing of the Third Amended Complaint. Because in the absence of any pleaded federal claim no substantial federal issue or interest is implicated, the plaintiff's

4

motion to remand to the Massachusetts Superior Court is GRANTED. The Clerk is directed to process the remand.

    It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
